NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL J. WILLIAMS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7078

---

Appeal from the United States Court of Appeals for Veterans Claims in 10-2361, Judge Robert N. Davis.

---

Decided: June 11, 2012

---

DANIEL J. WILLIAMS, of Notasulga, Alabama, pro se.

ELIZABETH A. SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel

on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

Daniel J. Williams appeals from a decision of the United States Court of Appeals for Veterans Claims, *Williams v. Shinseki*, No. 10-2361, slip op. (Vet. App. Dec. 29, 2011), ("*Veterans Court Op.*"), that affirmed a decision of the Board of Veterans' Appeals not to reopen Williams' claim for service connection. Because we lack jurisdiction, we dismiss Williams' appeal.

## BACKGROUND

Williams served on active duty from June to November of 1973. *In re Williams*, No. 05-34 384, slip op. at 2 (Bd. of Veterans' Appeals Oct. 5, 2009) ("*Board Op.*"). In December 1973, the Department of Veterans Affairs Regional Office ("RO") denied Williams' claim for service connection for a psychiatric disorder. In its decision, the RO noted that Williams acknowledged pre-enlistment psychiatric hospitalization and use of hallucinogenic drugs on a daily basis for months prior to enlistment. *Veterans Court Op.* at 2. The RO further noted that the Physical Evaluation Board recommended discharge for disability schizophrenia, paranoid type, that existed prior to service. *Id.* The RO denied Williams' claim because his psychiatric disability "was not aggravated beyond normal progress during his short military service." *Id.* (internal quotation marks omitted). Williams did not appeal the denial, which became final in March 1974. *Board Op.* at 2.

In May 2004, Williams submitted a request to reopen his previously denied claim for service connection. In support of his request, Williams submitted VA hospital and outpatient treatment records showing intermittent treatment for symptoms associated with psychiatric disorder, other private medical treatment records and hospital treatment records, and his own statements in support of his claim. *Id.* at 8–9. In January 2005, the RO denied Williams' request to reopen his claim. *Id.* at 2.

Williams appealed to the Board, which also denied his request to reopen. The Board found that the evidence submitted after the March 1974 rating decision was not new and material and did not relate to an unestablished fact necessary to substantiate Williams' claim. *Id.* at 9.

In a decision dated December 29, 2011, the Veterans Court affirmed the Board's denial. The court discerned no error in the Board's finding that the evidence did not pertain to a previously unestablished fact, and thus concluded that the Board did not err in its denial of Williams' request to reopen his claim. *Veterans Court Op.* at 3.

Williams timely appealed to our court. As we will explain, the government disputes our jurisdiction over Williams' appeal.

DISCUSSION

Our jurisdiction to review a decision of the United States Court of Appeals for Veterans Claims is limited by statute. We may review a decision with respect to its "validity . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the

Court in making the decision." 38 U.S.C. § 7292(a). "Except to the extent that an appeal . . . presents a constitutional issue," however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Williams challenges factual determinations of the Board and the Veterans Court. Williams contends that the Veterans Court based its decision on the fact that he had used hallucinogenic drugs on a daily basis prior to his enlistment. Williams alleges error in this determination, arguing that he used such drugs only about three times before entering the military. Williams further contends that his prior statements about his drug use should be ignored because at the time of those statements he was suffering from an allergic reaction to the antipsychotic drug Haldol.

In response, the government asserts that we lack jurisdiction over Williams' appeal because the Veterans Court's decision did not involve a constitutional issue or the validity or interpretation of a statute or regulation, only questions of fact.

We agree with the government that we lack jurisdiction over Williams' appeal. The Veterans Court's decision did not interpret a statute or regulation or decide a constitutional issue. Rather, Williams seeks to challenge the Board's determinations whether the evidence he submitted in support of his request to reopen amounts to new and material evidence. The Board's determination whether evidence in support of a request to reopen is new and material under 38 C.F.R. § 3.156(a) requires the application of law to fact and thus falls outside of our jurisdiction. *See* 38 U.S.C. § 7292(d); *see also Prillaman*

*v. Principi*, 346 F.3d 1362, 1367 (Fed. Cir. 2003) (noting that "determinations of new and material evidence require the application of a clear legal standard set forth in a regulation to the particular facts of a case"). We therefore have no choice but to dismiss Williams' appeal for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, we dismiss Williams' appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.